### ROBERT BARTLETT *et al. vs.* J. C. FLEMING *et al.*

#### January Term, 1869.

The certificate of justices to the acknowledgement of a deed which omits to state that the wife of the grantor had the deed fully explained to her, or had willingly executed the same and wished not to retract it, is defective and inoperative as to the wife.

This suit was instituted in Taylor county in 1858. The certificate of the justices mentioned in the opinion of the court was as follows:

" VIRGINIA—*Taylor county, to wit:*

We, James Selvy and William Cather, justices of the peace in the said county and State of Virginia, do hereby certify that John W. Sinsel and Elizabeth, his wife, parties to the foregoing deed, bearing date of the 21st day of May, 1858, personally appeared before us in our said county and acknowledged the same to be their act and deed. Elizabeth Sinsel was examined privately and apart from her husband, and desired us to certify the said acknowledgment to the clerk of said county, in order that the said deed may be recorded.

Given under our hands and seals this 21st day of May, 1858."

The record in case was very voluminous and contained a mass of testimony on the points at issue. The main point in the controversy was the determination of the quantity and location of the land sold by the defendant to the complainant. It appears that the defendant John W. Sinsel, who had purchased of J. C. Fleming, sold to H. Bartlett

---

\* He had been counsel in the cause below.

and J. Chidester who assigned to the complainant Robert Bartlett "a certain saw-mill and lot containing one and a half acres more or less, being the same mill sold by J. C. Fleming to J. W. Sinsel, with everything connected with said lot and mill," and made a title bond thereto. That 1 acre and 17 rods laid on one side of Simpson's creek and 40 rods on the other. The defendant refused to make a deed for the 40 rods, alleging that it was not sold, or intended to be, to the complainant. He made one, however, for the land on the other side and deposited it in the clerk's office of Taylor county, to which the certificate of the justices given above was appended. The evidence seemed clearly to establish that the same was included in the purchase; the declaration of Fleming was proved that he sold it to Sinsel, and also Sinsel's declaration that he sold it to the complainant's assignors. The court below refused to decree a deed to the complainant and dismissed his bill, whereupon he appealed to this court.

*N. Richardson* for the appellants.
No counsel for the appellees.

BROWN, President, delivered the opinion of the court.

This is an appeal from the decree of the circuit court of Taylor county, dismissing the complainant's bill for specific performance.

There is but one question of law presented in the case, and that is whether the certificate of the justices of the execution of a deed by a married woman, which omits to state that she had the deed fully explained to her, or had willingly executed the same and wished not to retract her execution of it, is evidence of the execution of such deed. This certificate is radically defective and the deed inoperative as to the wife. *Hairston* vs. *Randolph*, 12 Leigh, 445; *Countz* vs. *Geiger*, 1 Call, 190; *Harvey* vs. *Peck*, 1 Munf., 518.

Upon the whole facts of the case it is manifest that the complainant was entitled to the relief sought, and that the court below, therefore, erred in dismissing his bill.

· The decree of the circuit court must, therefore, be reversed, with costs to the appellants here, And this court proceeding to render such decree as the court below ought to have rendered, doth adjudge, order and decree that the said Johnson C. Fleming and John W. Sinsel convey, by proper and apt deed of conveyance with covenants of *general* warranty, to the complainant Robert Bartlett the said lot or parcel of land in the bill mentioned, with mill and appurtenances and everything connected with said lot and mill, according to the tenor and effect of the title bond from said Johnson C. Fleming and the said John W. Sinsel. And it further appearing that the said title bond has been destroyed by the said Fleming, so that its contents cannot be seen and inspected by the court; but its contents being fully proven by the evidence in the cause to the tenor and effect, viz: a certain lot or parcel of land lying on each side of Berry's run, described in said title bond to contain one and a half acres more or less, but containing by survey one acre and fifty-seven rods, of which one acre and seventeen rods lie on the north-west side of the run and forty rods on the south-east side thereof; the former having the mill on it and the latter the Goodwin house, and which said lot is bounded as follows: "Beginning at a white oak on the south-west side of said run, thence S. 8, E. 9 poles and 18¾ links to a stake, thence S. 85, W. 7 poles and 17½ links to a stake on the east bank of Berry's run, thence S. 47½, W. 10 poles and 5 links to a stake, thence N. 13½, W. 9 poles and 4 links to a stake, N. 24½, E. 8 poles to a stake, N. 40½ E. 14 poles to a stake, S. 60, E. 4 poles and 8 links to a stake, S. 26, W. 6 poles and 14½ links to a stake, S. 59, E. 2 poles and 12½ links to the beginning containing one acre and fifty-seven rods, together with the appurtenances and everything connected with said lot and mill, including therein the privilege and use of the dam and the race and water leading therefrom to the said mill, (also the road and necessary right of way along said race to said dam, and of ingress and egress over the land of said Fleming), and the further privilege of repairing the said race and dam, pro-

vided, however, the said dam shall not be raised higher than it was on the 21st day of May, 1858; also the use and privilege of the log-yard theretofore used in connection with said mill across the race, to have and to hold, use and enjoy the same free and unobstructed by the said Fleming and his heirs and assigns. And it is further adjudged, ordered and decreed that the complainant Robert Bartlett recover against the said defendants Johnson C. Fleming and John W. Sinsel his costs by him about his suit in his behalf expended in the court below.

DECREE REVERSED.