# Wheeling.

## WILLIAM CADY *vs.* MARY GALE, *et·al.*

### July Term, 1872.

Cady brought a bill against Gale to enforce a contract for the conveyance of land. The court below decreed in favor of Gale. This court, on appeal, reversed the court below, and orded Gale to make a deed conveying his interest, which was a life estate, to Cady. After this latter decree had been entered in the court below, Mary Gale, the wife of Gale, filed her petition alleging that she was the owner in fee, and that all the issues, rents, profits and royalties, (it was oil producing territory,) were hers, and that she was no party to the suit of Cady against Gale. The Grant Oil Company also filed a petition alleging that it was the lessee of Mary Gale and Gale before the sale of Gale to Cady ; that it was advised that the royalties, rents, &c., were coming and due to the owner of the fee, and that Cady had notified it to pay and deliver the same to him in future, and that it was not a party to the suit of Cady *vs* Gale, &c. An injunction, or suspending order, was granted on the petition. From this Cady appealed to this court. HELD :

1. The decree rendered in the cause of Cady against Gale, is not binding upon, and does not in any way affect the interest of Mrs. Gale, or the Grant Oil Company, as they were not parties to the suit, and are not bound by the decree.

2. The petition of Mrs. Gale does not set up any matter but what has already been passed upon, in rendering the decree against Gale.

3. And if all the matters charged in the petition of the Grant Oil Company be true, it could not affect the liability of Gale in his contract with Cady.

This cause arose upon the filing and recording in the circuit court of Wood county, on the 30th of April, 1872, of the decree of this court, pronounced at the January term, 1872, in the cause of Cady *vs.* Gale. By that decree the defendant, Gale, was required to make a deed to plaintiff, Cady, for his interest in a certain two hundred and fifty acres of oil land. The interest of Gale was determined to be for life.

After that decree had been entered, Mrs. Mary Gale, the wife of defendant, and the Grant Oil Company, filed their

petitions, upon which injuctions, or suspending orders, to the
effect of the decree, were granted.   Mrs. Gale alleges that the
land which had been decreed to Cady, was hers, by virtue of
a deed of conveyance in 1854 ; that she was not a party to the
suit of Cady against Gale, nor were any of her tenants par-
ties thereto, and that the decree would seriously embarrass
her in the future development of her oil territory, by casting
a cloud on the title, &c.   She asked that the court would de-
cree the property to her as her sole property, together with
the rents, issues and profits thereof.

The petition of the Grant Oil Company alleged that they
had leased and operated for oil, two lots of the ground in con-
troversy, of Mrs. Gale and her husband, in 1858, before the
sale of Cady ; that the 250 acres decreed to Cady, was part of
a large tract of 2,000 acres, and that by the terms of the de-
cree it was located, not in the north-west corner thereof, ac-
cording to the terms of the original agreement between Cady
and Gale, but in the south-west corner of the larger tract, thus
embracing the petitioner ; that the petitioner was an innocent
purchaser for valuable consideration, and had no notice of the
sale of Gale to Cady ; that it was not a party to that suit, and
had no opportunities to defend its interests, and show the im-
propriety of the location of the 250 acres, or the groundless claim
of Cady to any conveyance from either Mary Gale or E. S.
Gale, her husband.   And that Cady had notified the Oil Com-
pany that, he was the owner of the land on which their leases
were situated, and that he was entitled to the rents, issues,
profits and royalties, arising from the same ; therefore it was
asked to be protected against Cady, as Mrs. Gale, it alleged,
being owner of the fee, was entitled to the royalties.   And
that Cady was greatly embarrassing it, &c.

Cady appeals from the order suspending the operations, and
effect of the decree.

*Johnson and Cole* for appellant.
*Boggess and Sands* for appellees.

MAXWELL J.   Cady filed his bill in the circuit court of
Wood county against Gale, to enforce specific execution of a
contract made by Gale, for the sale of a tract of 250 acres of
land to Cady.

A decree was rendered by the said court in favor of Gale, from which Cady appealed to this court, which reversed the decree complained of, and directed the circuit court to enter a decree requiring the said Gale to convey all his interest in and to the said 250 acres of land, consisting of a life estate, to the said Cady. If Gale should fail to make a proper conveyance, a commissioner was to be appointed to make it for him. An account was also to be taken.

The decree of this court was entered in the court below, and thereupon two petitions were filed in the said court, one by Mrs. Gale, wife of defendant, Gale, and the other by "The Grant Oil Company," to review the said decree.

Petitioner also prayed that the effect of the decree be suspended until the questions raised by the petitioner should be determined.

The circuit court made an order according to the prayer of the petitioner, suspending the decree of this court, and the case comes back here on an appeal from this order, and from the order allowing petitions to be filed.

The decree rendered in the cause is not binding upon, and does not in any way affect the interest of Mrs. Gale, or of "The Grant Oil Company," as they were not parties to the suit, and are not bound by the decree.

The petition of Mrs. Gale does not set up any matter but what has already been passed upon by this court in rendering the decree against Gale.

And if all the matter charged in the petition of "The Grant Oil Company" be true, it could not in any way affect the liability of Gale on this contract with Cady.

*Exparte Dubuque and Pacific Railroad,* 1 Wallace 69 ; *Sibbold* vs. *The United States,* 12 Peters 488 ; *Campbell* vs. *Price,* 3 Munford 227 ; *Price* vs. *Campbell,* 5 Call 115 ; *White* vs. *Atkinson,* 2 Call 376.

This court must therefore reverse the orders allowing the petitions to be filed, dissolve the injunction or suspending order. and dismiss the petitions, with costs to the appellant.

The other judges concurred,

ORDER REVERSED.