# WHEELING.

## LEFTWICH v. NEAL.

### July 13, 1874.

1. The certificate of a Recorder that a married woman, having been examined separate and apart from her husband, and having a writing fully explained to her, declared the same to be her act, and that she did not wish to retract it, is fatally defective—the words, "that she had willingly executed the same," or words of equivalent import, having been omitted.

2. The defective acknowledgment of such deed cannot be aided or cured, by parol testimony. *

---

*The following is so much of section four of chapter seventy-three of the Code of West Virginia referred to in the opinion of the Court as it is deemed necessary to here insert.

"4. When a husband and his wife have signed a writing purporting to convey real estate, she may appear before a Recorder authorized to admit such writing to record, in his office; and if, on being examined privily and apart from her husband by such Recorder, and having such writing fully explained to her, she acknowledge the same to be her act, and declare that she had willingly executed the same, and does not wish to retract it, such privy examination, acknowledgment, and declaration shall then be recorded by such Recorder in his office: or she may appear before a justice, notary public, recorder, prothonotary, or clerk of any court, within the United States, or a commissioner appointed within the same by the governor of this state, and such justice, notary public, recorder, prothonotary, clerk, or commissioner, may so examine her; and if, after such explanation, she make such acknowledgment and declaration, shall certify the same on or annexed to the said writing, to the following effect, to-wit:

"State (or territory or district) of ——, county of ——, to-wit: "I, ————, a commissioner appointed by the governor of the State of West Virginia, for the said state (or territory or district) or ————; [or, I, ————, a justice for the county aforesaid, and township of ————; or, I, ————, Recorder of the said county; or, I, ————, a notary public for the county aforesaid; or. I, ————, prothonotary (or clerk) of the —— court of said county], do certify that ————, the wife of ————, whose names are signed to the writing above (or hereto annexed), bearing date on the —— day of ————, personally appeared before me, in the county

72

Appeal from, and *supersedeas* to, a decree of the circuit court of Wood county, rendered on the 26th day of March, 1873, in a suit therein pending, wherein Lois A. Leftwich was complainant and James A. Leftwich, husband of said Lois, George B. Neal, trustee in a deed of trust purporting to have been executed by said James A. and Lois Leftwich, to secure Daniel R. Neal, in a certain sum therein named, and said Daniel R. Neal, were respondents. The appeal was taken by the complainant below.

The decision of the case, here, turned upon the validity of the acknowledgment of said deed, by said Lois, and as to admissibility of parol evidence to cure a defective acknowledgement of the same. So much of the record, and so many of the material facts, including the acknowledgement aforesaid, as are necessary to be stated, will be found in the opinion of the Court.

The Hon. James M. Jackson, judge of said circuit court, presided at the hearing below.

*Scott & Cole*, for the appellant.

*John A. Hutchinson, Jr.*, for the appellees.

PAULL, JUDGE:

On the 26th day of March, 1872, the plaintiff filed her bill in the clerk's office of the circuit court of Wood county, praying an injunction to restrain George B. Neal, the trustee named in a deed of trust purporting to have been executed by the plaintiff and her husband, James A. Leftwich, from selling the property therein conveyed, to secure the payment of a single bill, made by the said James A. Leftwich, and payable to Daniel

---

aforesaid (or, if it be a commissioner, in the state, territory, or district aforesaid (or, if it be justice, in the township aforesaid), and being examined by me privily and apart from her husband, and having the said writing fully explained to her, she, the said ———— ————, acknowledged the said writing to be her act, and declared that she had willingly executed the same, and does not wish to retract it. Given under my hand, this ——— day of ————."

R. Neal of the city of Parkersburg. This deed of trust is dated the 6th day of March, 1865, and the property thereby conveyed is a lot of ground, with its appurtenances, situated in the city of Parkersburg. The bill alleges that the plaintiff was the owner of the lot of ground in her own right, before her marriage, and this allegation is admitted in the answer of defendant Daniel R. Neal. The bill further alleges that said deed of trust was executed by her husband, James A. Leftwich, but denies that the plaintiff executed, or acknowledged said deed. To said deed is affixed the following certificate, to-wit: "West Virginia, Recorder's Office, Wood county, March 6, 1865. I, George K. Leonard, Recorder for Wood county, hereby certify that James Leftwich, whose name is signed to the foregoing writing, bearing date from March 6. 1865, acknowledged the same before me in my office. And Lois Leftwich, wife of James Leftwich, whose names are signed to said writing, being examined by me separate and apart from her husband, and having said writing fully explained to her, she declared the same to be her act, and did not wish to retract it."

Copies of numerous letters of the plaintiff, and also the depositions of witnesses, are found in the record, tending to show acknowledgments on the part of the plaintiff of the binding character or efficacy of said deed, upon herself. We have stated all of the pleadings and history of this case, that appears to be necessary to a proper determination of the questions arising upon the record.

Upon the 26th day of March, 1873, the case coming on to be heard upon the pleadings, exhibits and evidence, the injunction theretofore awarded in said cause, enjoining a sale of the property by the trustee, was dissolved until the further order of the court; and from this decree of dissolution, an appeal is taken to this Court.

The *first* question presented for consideration is the sufficiency of the certificate appended to this deed of trust, to give it force and effect as the valid deed of the plaintiff. At the time of the execution and acknowledgement of this deed the provisions of the statute in relation to the deeds of married women, are the same as now found in our Code of 1869.  ·

The fourth and fifth sections of chapter seventy-three, prescribe the requisites to give validity to such deeds, and a substantial compliance with these provisions, is essential to enable a married woman to convey her interest in real estate, she having no power to make such conveyance at common law.

The *feme covert* is to appear before an officer authorized by said fourth section for the purpose, and who shall certify that she was examined privily and apart from her husband, and having the writing fully explained to her, that she acknowledged the same to be her act, and declared that she had willingly executed the same, and does not wish to retract it.  Section five provides when the privy examination, acknowledgment and declaration of a married woman shall have been so taken and recorded in the Recorder's office, or when the same shall have been so taken and certified as aforesaid, and the writing to which such certificate is annexed, or on which it is, shall have been delivered to the proper Recorder and admitted to record, as to the husband as well as to the wife, such writing shall operate to convey from the wife her right of dower, or any interest she may have in real estate.  It has been repeatedly held, by decisions in Virginia and Kentucky, and other states, that the foregoing certificate required by the statute, must be substantially, though not literally, complied with ; that if the same words used in the statute are not employed, that there shall be words of equivalent import, and that no requirement of the statute shall be omitted.  Though the form of the certificate is given, if it is to the same effect, though not in the same words, it is sufficient.  But the

certificate must show that everything was done which is required by the law to be done. *Hairston v. Randolphs,* 12 Leigh, 445. Judge Allen, in delivering the opinion of the court, says: "The statute points out a mode by which a valid conveyance may be made ; it is an innovation on the common law, and its terms must be substantially complied with. By it the certificate must, in some form, show, not only that she acknowledged the conveyance, but that she willingly signed, sealed and delivered the same, and wished not to retract it, and that it was explained to her. The explanation is to be made that she may have knowledge of the contents ; but if the acknowledgment implies consent, and consent implies knowledge, then the simple acknowledgment would have been sufficient, and the other requirements would have been superogatory." Again, "there is good reason for requiring a substantial compliance with all the requisitions of the statute." These declarations of the court in that case indicate that a compliance with one requirement of the statute, by no means implies a compliance with another. In this case of *Hairston v. Randolphs,* it was held, that the certificate was defective in not showing that the deed was explained to the wife, or that she was in any way apprised of its contents and purpose, and, therefore, the rights of the wife did not pass by the deed. In the case of *Todd v. Baylor,* 4 Leigh, 498, judge Tucker said, "Though we do not require the certificate to be in the express language of the law, neither do we dispense with any part of the law. We only consider the language, and, as if it was the very language of the law." In the later case of *Grove v. Zumbro,* 14 Gratt., 501, the certificate wholly omitted any declaration of the wife that she *wished not to retract what she had done,* and the omission was held to be material, and the certificate fatally defective. Judge Moncure says, "Her wish to retract what she had done is perfectly consistent with everything contained in the certificate. The law expressly required this declaration

to be made and entered of record, and the requisition is very material." In the older Virginia cases, when a literal compliance with the statute was not insisted on, the court still held that there had been a substantial compliance with every requirement.

In the certificate now under consideration, the declaration of the wife that she had willingly executed the deed, is entirely omitted, but it does contain the words, "that she did not wish to retract it." The certificate recites that she declared the same to be her act, and this is required by the statute ; but this by no means implies a compliance with the additional requirement of the statute immediately following, to-wit : "and declared that she had willingly executed the same, and does not wish to retract it." If authority is needed on this proposition, it is found in *Blackburn's Heirs v. Pennington*, 8 B., Mon. (Ky.) 217. There the certificate showed that the grantors, including the wife, acknowledged the deed to be their act, and that she was privily examined. But the court held that this certificate must show that her acknowledgement was voluntary, and that it could not be inferred from the fact of her privy examination; in other words, a certificate merely, that a deed was acknowledged to be her act, did not prove or show that it was a voluntary acknowledgment. And if, under our statute the fact that a certificate showing that a *feme* acknowledged a deed to be her act, does not imply a compliance with the further requirement of the statute that she willingly executed the same ; that these are in fac equivalent expressions ; no more, we think, does the fact that the words, that she did not wish to retract it, found in the certificate, prove or show, that she willingly executed the deed. We do not think that it can be necessarily inferred because a *feme* acknowledges that she does not wish to retract what she has done, that, therefore, she willingly executed the deed. The execution might have been at one period and under duress or coercion, while the acknowledgement that she did not wish to retract it,

is made at a subsequent time, and under different influences. It can not be said, at least, that this is impossible. But here is the express provision of the statute requiring her declaration that she willingly executed the deed and does not wish to retract it to be certified and recorded. The two phrases are connected by the copulative conjunction *and*, not by the disjunctive conjunction *or* ; in the latter case they might have been construed as equivalent expressions, and the presence of the last might be construed as dispensing with that of the former. But the Legislature has expressly inserted them both, and both, or an equivalent for both, must be embraced in a certificate, to make the deed operative. This we think is essential, in order that we may not, in the language of judge Tucker, "dispense with any part of the law," and in the language of judge Allen, "there is good reason for requiring a substantial compliance with all the requisites of the statute." The Legislature does not seem to have regarded these phrases as being of the same import, and the rules of interpretation require that the courts shall give effect to every part of the act. It has been contended that the case of *Gill and Simpson v. Fauntleroy's Heirs*, 8 B., Mon. (Ky.,) 177 authorizes a different effect or construction to the language used in this certificate, and decides that the phrase, "and does not wish to retract it," is equivalent to the language, "that she willingly executed the same." We observe, that we have not seen the Kentucky statute, but we infer from the language of the courts, in the cases we have examined, that their statute does not contain the provision in the same form as ours, requiring the certificate of two independent facts connected together. Moreover, the certificate in this case of *Gill & Simpson v. Fauntleroy's Heirs*, states other matters not embraced in ours, and the judgment of the court is founded, seemingly, upon them all. The court say: "the declaration that she did not wish to retract, is equivalent to a declaration that she wished the deed to stand as her deed ; and she

further evinces this desire by again acknowledging it, and consenting that it might be recorded. It seems to us that this should be regarded as tantamount to a declaration that she fully acknowledged the deed." We do not think this case, upon a careful examination, justifies the full effect which has been claimed for it, and can not, we think, be allowed to override an express requirement of our statute. Upon the whole we think the certificate is fatally defective, in the particular to which reference has been made.

The privy examination, acknowledgment and declaration of the *feme* must not only be certified, but duly recorded to make the deed operative. The sufficiency of the certificate can only be determined by an inspection of the record, and if the record does not disclose the fact that the requirements of the statute have been substantially complied with, the deed, as to the *feme*, is void. It has been claimed here that the letters of the plaintiff and other evidence found in the record tending to show that the plaintiff admitted the validity of the deed, should be considered by the court in this case. We think the testimony wholly inadmissible for the purpose. In the case of *Elliott v. Peirsol*, 1 Peters (Sup. Ct. U. S.) 328, it was expressly HELD that the privy examination and acknowledgment of a deed of *feme covert*, so as to pass or convey her estate, could not be legally proved by parol testimony. "What the law requires to be done and appear of record, says the court, can only be done and made to appear by the record itself, or an 'exemplification of the record." To the same effect is the case of *Barnett v. Shackleford*, 6 J. J. Marsh. (Ky.) 532. In that case the grantee in a deed filed a bill against a widow, who when a *feme covert* had executed and acknowledged a deed, to which there was a certificate affixed, but the acknowledgment or certificate was defective, and it was sought to cure the difficulty by the aid of parol evidence. The court say: "Parol evidence is not sufficient; it can only be proved by the record. If parol evidence

should be admitted to establish it, then an acknowledgement by a *feme covert* before witnesses, *in pais*, when aided by the character would be as good as an acknowledgment before the officer designated by law, and making up a record thereof in the manner prescribed; and thus the guarded provisions of our statutes might be substituted by a new branch of equity jurisdiction." See also *Prewit v. Graves*, 5 J. J. Marsh. (Ky.) 114. Upon authority and principle parol evidence cannot be admitted, and the deed of the plaintiff, in the bill mentioned, must be held and declared void as to her.

It has been claimed that it would be inequitable, under the evidence contained in the record, to give the relief to the plaintiff claimed in her bill. But we apprehend that unless positive fraud, on her part, in the procurement of this loan, for which her husband's note was given, should be established, as entering into the original transaction, she cannot be estopped from repudiating this defectively acknowledged deed. Bigelow on Estoppel, pp. 488-9 and 90. And even fraud in Massachusetts has been held insufficient for this purpose. See 10 Cush. 276.

The decree of the circuit court made in this case on the 26th day of March, 1873, is reversed and annulled, with costs to the appellant, and this Court proceeding to enter such decree as the court below should have entered, doth adjudge, order and decree, that the deed mentioned and described in the bill and proceedings be, and the same is, hereby declared null and void as to the plaintiff, and that the trustee therein named be perpetually enjoined and restrained from selling any estate or interest in the lot or property in said deed, bill and proceedings mentioned and described.

The other Judges concurred.

DECREE REVERSED AND INJUNCTION PERPETUATED.