# WHEELING.

## WATSON v. MICHAEL AND ICE.

Submitted August 10, 1882—Decided April 21, 1883.

(*WOODS, JUDGE, Absent.)

1. A married woman living with her husband can under our statute convey her separate real estate by joining with her husband and after a privy examination of her in precisely the same manner, as is required in order to relinquish her interest in real estate not her separate property ; and she can convey her separate real estate in no other manner. (p. 571.)

2. Unless the certificate of the privy examination of the wife shows, that all the requirements of the statute have been substantially complied with, the deed is void as to her. (p. 572.)

3. The words "and the deed being read to her" are not substantially the same as the words "being fully explained to her." (p. 574.)

4. Unless the certificate of acknowledgment shows, that "the deed was fully explained to her," it is fatally dective. (p. 574.)

*Cause submitted before Judge W. took his seat on the bench.

5. The certificate of the privy examination must show, that *during* such examination the writing "was fully explained to her;" and if such certificate shows, that such explanation was *before* the privy examination, it is fatally defective. (p. 574.)

6. When the husband unites in the deed, though it may be void as to the wife for a fatal defect in the certificate, yet the grantee may elect to take the husband's interest in the land in full satisfaction of the contract, unless it can be shown that for some cause the deed is also void as to the husband. (p. 575.)

Appeal from and *supersedeas* to a judgment of the circuit court of the county of Marion, rendered on the 29th day of July, 1881, in a cause in said court then pending, wherein Phebe J. Watson was plaintiff and Rawley E. Ice and Calvin Michael were defendants, allowed upon the petition of said Watson.

Hon. A. B. Fleming, judge of the second judicial circuit, rendered the decree appealed from.

The facts of the case are stated in the opinion of the Court.

*Fontaine Smith* for appellant cited the following authorities: 1 W. Va. 1; 2 Coke Inst. 514; 1 Tuck. Com. 267; 1 Munf. 518; 3 W. Va. 165; 14 Gratt. 501; 10 W. Va. 198; 14 W. Va. 322.

*W. W. Arnett* for appellee cited the following authorities: Code, ch. 66 § 3; 4 Leigh 498; 12 Leigh 448; 14 Gratt. 501; 2 Wash. 156; 4 Leigh 224.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In January, 1880, Phebe J. Watson obtained from the judge of the circuit court of Marion county an injunction against the defendant, Rawley E. Ice, restraining him from the prosecution of an action of unlawful detainer, and from the use and occupation of the land claimed by her. The bill alleges, that plaintiff is a married woman, the wife of John D. Watson; that she was the owner of a separate estate consisting of fifty-nine acres situated in the said county of Marion; that her brother, Rawley E. Ice, was desirous of owning said land, and had often importuned her to sell it to him, and that she refused; that afterwards defendant, Calvin

Michael, by false and fraudulent representations induced her to exchange said tract of land for two hundred dollars in money and another tract of three hundred acres situated in Texas; that the price fixed upon the Marion county land was one thousand dollars, and that on the Texas land was eight hundred; that she and her husband joining in the deed for the said consideration conveyed said land to said Michael on the 28th day of July, 1879, and that said deed is exhibited with the bill. The bill also alleges, that about the same time Calvin Michael and wife conveyed said three hundred acres of Texas land to the plaintiff; that on the —— day of ———, 1879, said Michael and wife, for the consideration of seven hundred dollars as shown by the deed, conveyed said fifty-nine acres of land to the defendant, R. E. Ice. These last two deeds are referred to as exhibits C. and D., but are not filed.

The plaintiff charges fraud and collusion on the part of Michael and Ice, her brother, to procure the conveyance of said land to Michael, and then by him to Ice. She says, that the representations both as to title and quality of the Texas land, made to her by Michael, on which she solely relied, were entirely false, and that she ascertained the falsity of such representations at great labor and expense; that when she so ascertained these facts, she refused to give possession of the land, and that Ice brought this suit of unlawful detainer. She insists in her bill, that said deed is utterly void as to her, because of the totally defective acknowledgment as to her; the plain requirements of the statute not having been complied with. John D. Watson is not made a party to the suit. Both defendants answered. Michael denies the fraud charged against him, and avers, that the deed was fully explained to plaintiff, and he is advised, that there is no defect in the acknowledgment thereof. Ice in his answer denies all the charges of fraud and confederation; claims to be an innocent purchaser of said land and insists that he has good title thereto. Many depositions were taken in the cause to prove and to rebut the proof of fraud charged in the bill.

On the 29th day of July 1881 the cause was heard, and the court decided, that the deed was sufficient, and on the

evidence dissolved the injunction and dismissed the bill. From this decree the plaintiff appealed.

The first question we will examine is: Was the deed acknowledged as the statute requires? The certificate as to the wife after certifying the acknowledgment of the husband is as follows: "I further certify, that at the same time and place came Phebe J. Watson, wife of John D. Watson, whose name is also signed to the foregoing deed and bearing date as aforesaid, and having the same *read* to her, and being examined by me privily and apart from her said husband, she the said Phebe J. Watson, acknowledged said writing to be her act and deed, and declared that she had willingly executed the same, and does not wish to retract it." The requirement of the statute is, that the certificate shall contain words to the following effect: "And being examined by me privily and apart from her husband, *and having the said writing fully explained to her*, she the said —— acknowledged the said writing to be her act and declared, that she had willingly executed the same, and does not wish to retract it."

The first requirement is, that the wife shall be examined touching the execution of the deed privily and apart from her husband. While she is undergoing this private examination *four* things are by the statute absolutely required. First, *the deed must be fully explained to her;* second, after it has been thus fully explained to her she must then *acknowledge it.* After this she must make two declarations. First, that *she had willingly executed the same,* and second, that *she does not wish to retract it.* All these things must appear in the certificate, and the certificate cannot afterwards be amended so as to show, that the requirements of the statute have been complied with; neither can such compliance be proved by parol evidence. *McMullen* v. *Eagan, supra.*

It is insisted in argument here, that when a married woman conveys her separate estate, it is not necessary to the validity of the deed, that she should be examined "privily and apart from her husband." But this Court has decided, that a married woman living with her husband can under our statute convey her separate real estate by joining with her husband and after privy examination of her in precisely the same manner, as is required to relinquish her interest in real

estate not her separate property; and she can convey her separate real estate in no other manner.  *McMullen* v. *Eagan, supra*;  *Leftwich* v. *Neal*, 7 W. Va. 569.  The deed then is void as to her, unless the statute has been substantially complied with.  *Harvey and wife* v. *Pecks*, 1 Munf. 518; *Linn* v. *Patton*, 10 W. Va. 187; *Leftwich* v. *Neal*, 7 W. Va. 569; *McMullen* v. *Eagan, supra*.  None of the adjudicated cases require a literal compliance with the statute; but it is insisted in them, that every requisite of the statute shall be substantially complied with.  The compliance with all of the requirements save one will not justify the inference, that that one was complied with substantially.  Each requirement has its purpose, which cannot be effected by compliance with any or all of the other requirements.

In *Grove* v. *Zumbro*, 14 Gratt. 501, where the certificate wholly omitted the words " and she does not wish to retract it," it was held fatally defective.  For the same reason the certificate was held fatally defective and the deed inoperative as to the wife, in *Linn* v. *Patton, trustee*, 10 W. Va. 187.  In *Leftwich* v. *Neal*, 7 W. Va. 569, the words omitted were "*that she had* willingly executed the same;" and it was held fatally defective, as the words required were omitted, and the certificate contained no words of equivalent import.  The certificate was:  " And Lois Leftwitch, wife of James Leftwich, whose name is signed to said writing being examined by me separate and apart from her husband, and having said writing fully explained to her, declared the same to be her act, and did not wish to retract it."

In *Laughlin* v. *Fream*, 14 W. Va. 322, the certificate was held fatally defective, because it failed to show, that the wife *was examined privily and apart from her husband*, and further because it omitted the words "*and declared that she had willingly executed the same.*"  No other words were substituted in the place of those omitted.

In *McMullen* v. *Eagan, supra*, the certificate was held fatally defective because it failed to show, that the wife while being examined privily and apart from her husband "*acknowledged the deed.*"  But during the privy examination the deed or writing must also be *fully explained to her*, " so that she may understand the full effect of the instrument upon her

rights before it is rendered irrevocable by her acknowledgment in this solemn mode. Thus she ought to be instructed, whether the deed conveys her own estate, or only relinquishes her dower interest in that of her husband. If it conveys her own estate, she should be told for what term, or what interest, whether for years, for life, or in fee." 1 Tuck. Comm. 257. In *Tod* v. *Baylor*, 4 Leigh 499 it was held unnecessary, as the statute then was, that the certificate should show, that the "deed was explained to the wife," as the statute did not require it. In *Hairstone* v. *Randolphs*, 12 Leigh 445, the certificate was held fatally defective because it did not show, that "the deed was explained to the wife, nor that she was in any way apprised of its contents and purpose." Allen, J., in delivering the opinion of the court, p. 463, says: "There is good reason for requiring substantial compliance with all the requisites of the statute. The statute of fines, 18 Ed. I, provided: "That if a woman *covert* be examined by four of said justices, and if she doth not assent thereunto, the fine shall not be levied."

*Coke* in his commentary on this statute, 2 Inst. 514, says: "The examination must be solely and secretly, and the effect thereof is, whether she be content of her own free will without any menace or threat to levy a fine of these parcels and name them unto her, everything distinctly contained in the writ, so as she perfectly understand what she doth." This statute had received therefore a construction in practice, which required an explanation to the wife, and her knowledgement of the nature of the act done.

In *Bartlett* v. *Fleming*, 3 W. Va. 163, the certificate failed to show, that three of the requisites of the statute were complied with; it did not show, that "*the deed was fully explained to her*," nor that she had willingly executed the same, nor that she does not wish to retract it. It was of course held fatally defective.

But it is insisted here, that the words "read to her" are equivalent to "fully explained to her." Suppose the wife was a German or a French woman, and did not understand English at all, or but very imperfectly, could it be said, that if the deed was "read" to her, that that was equivalent to its having been fully explained to her? Reading an essay upon

an abstruse subject to a man of ordinary intelligence and education, could not be the equivalent of fully explaining the subject to him. ·A man is supposed to understand business, and to be able·to take care of his own interest; he is supposed to understand what is meant by the language used in deeds, but a married woman is not, and therefore the law requires before she is bound by the execution of a deed, that she shall be examined separate and apart from her husband, free from his ·influence, and then when thus separated, she must be fully informed as to the legal effect or consequences of her. act; the deed must under these circumstances be fully explained to her, not merely "read" to her, because if only "read" to her, she may not understand, that by it she forever divests herself of all interest in the property therein described. She might think, that she was merely relinquishing her dower interest in her husband's estate, or parting with an interest for a term of years, or with a life-estate in her own property. The person, who takes the acknowledgment, must under the statute inform her of her rights, and precisely what is the legal effect of the deed, which she has executed. A mere reading of the deed to her does not necessarily do this, and is in no sense the equivalent of "fully explaining it to her."

The certificate is fatally defective, and the deed as to Phebe J. Watson is void. The certificate is fatally defective for another reason. It is not certified, that the deed was· ever "read" to her while separate and apart from her husband. The certificate reads: "I further certify, that at the same time and place came Phebe J. Watson, wife of John D. Watson, whose name is also signed to the foregoing deed bearing date as aforesaid, and *having the same read to her*, and being examined by me privily and apart from her husband, &c." Now from this certificate it appears, that the deed was read to her in the presence of her husband before her privy examination. It must be "fully explained to her" *during* her privy examination. She must be absent from her husband, while every one of the requisites of the statutes is being complied with, else there is no such "privy" examination as is required by the statute. The deed may be good as to the husband, John D. Watson, but whether it is

or not it is improper for us to decide in the absence of said Watson.   We have not looked into the evidence to see, whether it is fraudulent either as to him or as to his wife.   It is unnecessary to do so as to the wife, because it is void as to her on the ground already stated; and we cannot examine the evidence as to him, because he is not before the court.

This cause will have to be remanded, and the defendant, Michael, may elect, whether he will rescind the deed as to the husband, in which case the two hundred dollars and interest thereon will have to be refunded to him, and it will be a charge on the land as against Mrs. Watson until paid, or he may elect to take the interest of John D. Watson, to-wit, his courtesy in his wife's land, if he shall ever be entitled thereto, in full satisfaction of the contract, giving up the Texas land and the two hundred dollars already paid, provided said John D. Watson does not show to the Court, that said deed is also void as to him on account of fraud or otherwise.   If the said defendant elects to take the interest of said John D. Watson, which can in no event attach until the death of his wife, (*Radford* v. *Carwile*, 13 W. Va. 572), he must take it without abatement of any part of the purchase-money and in full satisfaction of the contract.   *Clark* v. *Reins*, 12 Gratt. 98; *Cady* v. *Gale*, 5 W. Va. 505.   When this cause is again in the circuit court of Marion county, the defendant, Ice, may have in this cause, the deed and contract from Michael to him rescinded, and the parties to said deed placed in *statu quo*, or he may pursue such other remedies, with reference to said deed as he may be advised to take.

The decree of the circuit court of Marion county is reversed with costs to the appellant against the appellee, Michael; and this Court proceeding to render such decree as the circuit court should have rendered, the injunction is made perpetual; and this cause is remanded with instructions that John D. Watson be made a party to this suit and for further proceedings to be had therein according to the principles of this opinion, and further according to equity.

JUDGES GREEN AND SNYDER CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.