Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that, by the terms of the deed of settlement in the bill and proceedings mentioned, the said Sarah B. Lyle was invested with the full power of disposing of or charging her personal estate to all intents and purposes, as if she were a feme sole; that she retained said property, with all its privileges and incidents, one of which was the right of disposing of it. That the subsequent clause empowering the trustee to convey the property secured by said deed in such manner as she should from time to time, notwithstanding her coverture, by writing under her hand and seal, attested by three or more credible witnesses, or by her last will and testament direct, though it may have enlarged her power, so as to enable her by her sole act to dispose of portions of the property embraced in the deed, which otherwise she could not have aliened by deed without her husband’s joining with her, did not operate to restrain or limit the general power of disposition which she retained over her personal estate by the terms of the deed in question.
The Court is further of opinion, that, without reference to any supposed liability of the separate estate of a married woman to discharge her general engagements, as a necessary incident to such separate estate, arising from the capacity of contracting which the possession of a separate estate confers, the previous dealings of the parties and the circumstances of the case clearly shew, that the order drawn by the said Sarah B. Pence, on the appellee in favour of John Schlater, for 300 dollars, dated the 18th October 1839, was drawn with the intention of affecting the separate estate, was paid by the appellee upon the credit thereof; and such separate estate would be specifically liable for payment thereof, *352 upon the ground of such intention and the credit so given as aforesaid, independent of any liability of the separate estate for the general engagements of the married woman.
The Court is further of opinion, that as between the original parties, and where, the interest of no third person was affected, it was proper in a bill filed to redeem the personal property mortgaged, to require the payment of the 300 dollars, as well as the debt secured by the mortgage. The rule that the heir shall not redeem without paying the bond debt of the ancestor, although the bond could not be tacked to the mortgage as against the mortgagor, has been adopted to prevent circuity of action ; and because thp mortgaged premises descended would be assets in the' hands of the heir, for the value of which he would be responsible to the creditor by obligation binding the heir. The reason of the rule applies with equal force to the separate estate of a wife. The wife cannot bind her person; but in equity, and equity only, her separate estate can be made liable for debts expressly, or by implication, made chargeable thereon; and it would be subjecting the parties to unnecessary costs and delay, to permit the party to redeem the separate estate covered by the mortgage, by the payment of the mortgage debt, and turn the creditor round to another suit in chancery to charge the same subject with another debt which was contracted upon the faith of, and intended to be paid out of, the separate estate.
The Court is further of opinion, that as the decree appealed from was interlocutory, and not final, upon such appeals the principles of the decree, and not mere informalities in the form thereof, are the proper subjects of consideration. That as there was no ground for a personal decree against the trustee, it would have been competent for the Court at any time before final decree, so to have modified said interlocutory decree as to have relieved the trustee from any supposed personal liability *353 growing out of the general terms of the interlocutory order. And as no execution could issue on said interlocutory decree without the leave of the Court, ample opportunity would have been afforded to the trustee to protect himself from injury by correcting the interlocutory decree in this respect. And such opportunity may still be afforded, notwithstanding an affirmance of the decree, without prejudice to the rights of the trustee to move for and obtain such a modification of the interlocutory order as may relieve him from personal liability for any residue of the debt which may remain unsatisfied after the sale and application of the mortgaged property.
The Court is further of opinion, that as the bill was filed by the trustee asserting the rights of his cestui que trust, by impeaching the mortgage, claiming the right to redeem, and praying for a settlement of the accounts between the cestui que trust and the appellee; and it further appearing that such settlement has been made, and full opportunity afforded to the cestui que trust to controvert the pretensions of the appellee, and a full defence has been made, there was no necessity, in a suit so prosecuted by her trustee, to assert and defend her rights, to make her a formal party; and that the circumstances materially distinguish this case from those in which it has been held, that in bills filed to charge the trust estate, the cestui que trust is a necessary party.
The Court is further of opinion, that the exceptions to the commissioner’s report were properly overruled.
Decree affirmed, so far as it affects the principles determined by it, with costs, but without prejudice to the right of the trustee, or the power of the Court, so to modify the form of the decree as to relieve the trustee from personal liability for the debt decreed to be paid.