# CHARLESTON.

AMICK v. ELLIS.

Submitted February 13, 1903.   Decided April 28, 1903.

1. CONTRACT OF SALE—*Husband and Wife.*
   A contract of sale of the wife's land by her and her husband, not acknowledged for recordation, cannot be specifically enforced in equity, and on a bill to enforce the same there cannot be a decree against the wife for repayment of purchase money. Mere colorable claims of jurisdiction will not do.   (p. 421).

Appeal from Circuit Court, Fayette County.

Bill by J. A. Amick against R. H. Ellis and wife.. Decree for plaintiff, and defendant wife appeals.

*Reversed.*

J. W. DAVIS, for appellant.

PAYNE & HAMILTON, for appellee.

BRANNON, JUDGE:

Virginia L. Ellis, wife of R. H. Ellis, being owner of land in Fayette County, she and her huband made a contract with J. A. Amick, 5 September, 1896, selling to him "all mineral and coal" in the tract of land, part of the purchase money being paid down, and part payable in future.. Mrs. Ellis refused to accept the last payment, and Amick brought a suit in equity in the circuit court of that county, asking that Ellis and wife be compelled to perform the contract by conveyance according to it, or if that could not be done, that the contract be rescinded, and that a decree be made in favor of the plaintiff for the money paid him under the contract. A decree was made rescinding the contract, and decreeing personally against Virginia L. Ellis $232.13 on account of money paid under said contract, and subjecting the sale of minerals and coal in the land from which decree Virginia L. Ellis appeals.

As this contract was not acknowledged for recordation it could not be specifically enforced by conveyance of the land. *Rosenour* v. *Rosenour,* 47 W. Va. 554.   The contract being on its face void in law for all purposes of equity jurisdiction, the

alleged equity jurisdiction is merely colorable or pretended, just to get jurisdiction. *Laidley* v. *Laidley,* 25 W. Va. 525; *Thompson* v. *Whitaker,* 41 W. Va. 574. To give jurisdiction there must be "in addition to the simple setting up of the claim, some color for it; in other words, the claim must be of such character that its mere mention does not show it destitute of merit." *N. O. Waterworks* v. *Louisiana,* 185 U. S. 344. Hence we cannot apply the rule that having jurisdiction for one purpose full relief or alternative relief will be given. There is jurisdiction neither to compel a deed nor for money. If there is any liability on Mrs. Ellis to recover back money paid under the contract, it is recoverable at law under section 15, chapter 66, Code. *Williamson* v. *Cline,* 40 W. V. 194; *Wick* v. *Dawson,* 42 *Id.* 43; *Rogers* v. *Lynch,* 44 *Id.* 94.

Therefore, we reverse the decree and dismiss the bill without prejudice to an action at law.

*Reversed.*