# CHARLESTON

### SIMPSON *v.* BELCHER *et al.*

Submitted Sempteber 13, 1906.    Decided December 18, 1906.

1. HUSBAND AND WIFE—*Deed of Maried Woman—Necessity of Acknowledgment—Specific Performance.*

    Acknowledgment by a married woman of a deed or other instrument, intended to divest her of title to her separate real estate, before an officer authorized by law to take and certify the same, is essential to the validity of the instrument. Without it her deed is void, as is also her executory contract for conveyance; and a court of equity cannot decree specific performance of the latter, when not so acknowledged. (p. 157.)

2. SAME—*Proof of Execution.*

    Proof of execution of such an instrument by a married woman, made by two witnesses before the clerk of a county court, as provided in section 2 of chapter 73 of the Code, is not the equivalent of such acknowledgment, and cannot be substituted therefor. (p. 160.)

3. RESULTING TRUST—*Purchase of Land.*

    Payment by a husband of the purchase money of land conveyed to his wife is not alone sufficient evidence to establish a resulting trust in favor of the former so as to vest equitable title to the land in him. In the absence of evidence to the contrary, it is presumed, as matter of fact, as between the parties, that the payment of the purchase money was a gift thereof to the wife. (p. 160.)

4. SPECIFIC PERFORMANCE—*Affirmative Relief of Defendant.*

    On a bill for specfic performance by an alleged purchaser of land in possession thereof, founded upon a void contract, the defendant cannot have affirmative relief by cancellation of the contract and restoration of the possession of the land. For recovery of the possession his remedy at law is adequate; and, being out of possession, he cannot maintain a bill to remove a cloud from his title. (p. 161.)

Appeal from Circuit Court, Wyoming County.

Bill by John W. Simpson against A. J. Belcher and others. Decree for plaintiff, and certain defendants appeal.

*Reversed.    Bill Dismissed.*

COOK & HOWARD, for appellants.

COL. CHILDRES and M. P. HOWARD, for appellee.

POFFENBARGER, JUDGE:

A decree enforcing specific performance of an alleged con-

tract for the sale of a tract of land containing 140 acres, situated in Wyoming county, in favor of John W. Simpson, against Matilda Belcher, A. J. Belcher, her husband, J. M. Toler, Matilda Toler, his wife, Byrd Lockard and Polly Lockard, his wife, was pronounced by the circuit court of that county on the 17th day of April, 1906, and from it Matilda Belcher and Andrew J. Belcher have appealed. The written contract bears the signatures and seals of all the defendants, but it was never acknowledged by any of the married women who signed it. The legal title to the land is in Matilda Belcher, wife of A. J. Belcher. Whether it belongs to her or her husband is one of the issues in the case.

The original bill seems to treat it as the property of Matilda Belcher. It having been discovered, after the filing of the bill, that, as to her, the contract is void for want of an acknowledgment, the plaintiff had the contract admitted to record, upon proof, before the clerk of the county court, by two witnesses, of its execution. He then, by an amended bill, set up a resulting trust in Andrew J. Belcher as to the tract of land in controversy, the basis of which is the allegation that the purchase money of the land was paid out of funds belonging to him. This land is a portion of three tracts, making in the aggregate 1,082 acres, which was sold, by John W. McCreary, special commissioner, under a decree in a certain chancery cause, to R. M. Wyatt for the sum of $205.00. By direction of Wyatt, the commissioner conveyed it to Matilda Belcher. The purchase money seems to have been paid, notwithstanding the denial of Matilda Belcher, out of the proceeds of a tract of land which had descended to her husband and his brothers and sisters from their father, Peter Belcher. Prior to the bringing of this suit, Matilda Belcher had conveyed, to all the heirs of Peter Belcher, except her husband and his imbecile brother, James Belcher, portions of said land, pursuant to a verbal agreement of partition. James Belcher was supported and cared for by his brother Andrew J., and it seems that in consideration of this it was intended by all the parties that Andrew J. should take the share of James in the event of his death, which occurred prior to the bringing of this suit, and those two shares were accordingly laid off together and the title was allowed to stand in the name of Matilda Belcher.

Joint and several answers to both the original and the amended bills were filed by the defendants who are now appellants here. Between the date of the filing of the original bill and that of the filing of the amended bill, Polly Lockard, a daughter of Peter Belcher, who, according to the allegations of the original bill, was interested, died leaving four infant children. For these an answer was filed by a guardian *ad litem.* As to all the other defendants, both bills were taken for confessed. The appellants in both of their answers admit the signing of the contract by Matilda Belcher, but deny its validity and binding force, because it is not acknowledged by her. Both answers deny also that Andrew J. Belcher has any title to the land.

If the wife has the equitable as well as the legal title, the decree is clearly wrong. A married woman cannot divest herself of title by even a written contract, unless it has been acknowledged by her in the manner prescribed by law; nor can she bind herself by an executory contract of sale, without duly acknowledging it. On this point it is only necessary to cite the decisions of this Court. *Amick* v. *Ellis,* 53 W. Va. 421; *Rosenour* v. *Rosenour,* 47 W. Va. 554; *Moore* v. *Ligon,* 30 W. Va. 146; *Moore* v. *Ligon,* 22 W. Va. 292. The reasons assigned, in these decisions, for the rule they declare, make it manifest that section 2 of chapter 73 of the Code, providing for recordation of deeds and other instruments upon proof of the execution thereof by two witnesses before the clerk of a county court, does not, in the case of a married woman. dispense with the necessity of a formal acknowledgment before an officer duly authorized to take the same. That section concerns recordation only. Sections 4 and 6 of said chapter provide specially for acknowledgment by married women, and the decisions just cited declare the necessity therefor, not merely for the purpose of recordation, but for the purpose of passing title —a thing entirely separate and distinct from the matter of recordation. In such case, acknowledgment is a requisite of a valid deed or contract for the conveyance of land.

As has been stated, the evidence seems to sustain the allegation that the land was paid for with money belonging to Andrew J. Belcher and his brothers and sisters, and partition has been made. Hence, it may be that the portion still

standing in the name of Matilda Belcher represents the purchase money contributed by her husband and James Belcher, and that, by reason of an agreement among the parties, the share laid off for James Belcher belongs to Andrew or his wife. At any rate, none of the other parties seem to claim any interest in it. The 140 acre tract in controversy seems to lie partly within the boundary set off, as representing the share of Andrew J. Belcher, and partly within the portion set off as the share of James Belcher. Whether the equitable title to this land is in Andrew J. Belcher is a question of intention. Payment of the purchase money by him, or out of funds belonging to him, is not conclusive of this question. Ordinarily, when the purchase money of land has been paid by one person and the conveyance has been made to another, it is presumed that the grantee took the title as trustee for the person who paid the money. As between strangers this is the rule. But when the person who paid the money and the person to whom the conveyance was made are closely related, it is presumed that a gift of the money was intended, and, in the absence of any evidence to the contrary, there is no resulting trust. This rule is operative between husband and wife. *Pickens* v. *Wood*, 57 W. Va. 480; *Hamilton* v. *Steele*, 22 W. Va. 348; *McGinnis* v. *Curry*, 13 W. Va. 29; *Shaw* v. *Reed*, 47 Pa. St. 96. The evidence is wholly insufficient to overcome this presumption. The most that can possibly be said for it is, that it establishes payment of the purchase money out of funds belonging to the husband. And even this we find it unnecessary to decide. As to what understanding or agreement exists between the husband and wife, the evidence adduced is silent.

In their answers, the appellants asked, by way of affirmative relief, that the contract be declared null and void and canceled and the possession of the land restored to them. This relief cannot be granted for the reason that, for the recovery of possession, they have an adequate remedy at law, and, being out of possession, they cannot maintain a bill for the removal of a cloud upon the title, if this void contract can be regarded as constituting a cloud. It would not be a defense to an action of ejectment. An equitable defense, to defeat an action at law, under the provisions of sections 20 and 21 of chapter 90 of the Code, must be such

that the court can see that it is valid and the defendant entitled to a conveyance from the plaintiff. *Gas Co.* v. *Wheeling*, 8 W. Va. 320; *McClung* v. *Echols*, 5 W. Va. 204; *Davis* v. *Teays*, 3 Grat. 284. Hence, it cannot be said that jurisdiction in equity to settle the matters in difference between the parties may be founded upon said statute. As there is no power in the court, as has been shown, to decree specific performance, there can be no other possible ground for a claim of jurisdiction except that of the power of courts of equity to remove clouds from title, and one of the essential requisites of that jurisdiction is possession by the party invoking its exercise. See *Whitehouse* v. *Jones* and *Poling* v. *Poling*, decided at the present term, and the elaborate citations of authorities there made.

The mere statement of these principles makes the error of the decree and the impossibility of granting the relief prayed for clearly apparent. The decree must be reversed, the bill dismissed and a decree entered here in favor of the appellants for their costs in the court below, as well as their costs in this Court, but without prejudice to any right of action the appellee may have to recover the purchase money paid by him.

*Reversed.    Bill Dismissed.*