# CHARLESTON.

## SLAVEN *v.* RILEY *et al.*

Submitted February 20, 1912.   Decided October 28, 1913.

HUSBAND AND WIFE—*Wife's Separate Estate—Sale of Realty.*

A contract by a married woman, living with her husband, for the sale of her real estate, to be enforceable, must not only be in writing, but signed and acknowledged by both of them.

Appeal from Circuit Court, Pocahontas County.

Suit by Mary F. Slaven against J. W. Riley and others. From a decree for defendants, plaintiff appeals.

*Reversed and Remanded.*

*Price, Osenton & Horan* and *T. S. McNeel,* for appellant.

*L. M. McClintic,* for appellees.

LYNCH, JUDGE:

The plaintiff, by bill to which her brother J. W. Riley and the children of a deceased sister are the only parties defendant, asks partition of 150 acres of land, set apart in 1868 as dower of her mother, who resided thereon until her death in 1906. The brother denies her right to partition, and, as ground therefor, alleges a written contract with her in 1871 by which, as he claims, she agreed to convey to him her interest for $400, and with which he asserts compliance on his part and refusal by her to execute to him a deed in accordance with the agreement. He does not, however, pray any affirmative relief by specific performance. The court, on final hearing, dismissed the bill.

The sole question on this appeal, therefore, is whether the defense by J. W. Riley is sufficiently established to bar plaintiff's right to partition, even if properly pleaded.

While he does allege that the contract with his sister was in writing and that her husband joined with her therein, he does not prove that either of them signed and acknowledged it, as required by § 3, Ch. 66, Code. Therefore, without detailing the evidence, these facts alone determine the case adversely to the defense so asserted by defendant.

The decisions of this court firmly establish the principle that a married woman, living with her husband, can neither sell nor convey her real estate except in the manner prescribed by the statute cited—by deed or contract in writing, signed and acknowledged by her and her husband. Otherwise, it is ineffectual for any purpose, even where the purchaser has performed his part of the agreement and is in possession of the land sold. *McMullen* v. *Eagan,* 21 W. Va. 233, 246; *Watson* v. *Michael,* 21 W. Va. 568, 571; *Moore* v. *Ligon,* 22 W. Va. 292, 296; *Rosenour* v. *Rosenour,* 47 W. Va. 554, 557, 560; *Amick* v. *Ellis,* 53 W. Va. 421; *Simpson* v. *Belcher,* 61 W. Va. 157; *Pickens* v. *Stout,* 67 W. Va. 422, 426; *Wiseman* v. *Crislip,* 78 S. E. (W. Va.) 107, 110. See also *Radford* v. *Carwile,* 13 W. Va. 572, 669, 682; *Land Co.* v. *Laidley,* 32 W. Va. 134; *Railway Co.* v. *Honaker,* 66 W. Va. 136.

The conclusion is that the court erred in dismissing the bill

on final hearing. The decree of December 29, 1910, is therefore reversed, and the cause remanded for further proceedings therein, in accordance with the principles herein announced and otherwise according to law.

Reversed and Remanded.