# CHARLESTON.

MILAM v. WILLIAMS *et al.*

Submitted January 6, 1914.   Decided January 14, 1914.

ACKNOWLEDGMENT—*Husband and Wife—Failure of Wife to Acknowledge—Effect.*

A contract in writing, by husband and wife, for the sale of two lots owned in fee by them separately, for a gross consideration, though not enforceable against her for want of acknowledgment, is enforceable against him, upon payment of such proportionate part of the consideration as his lot bears to the combined area, if thus equitably ascertainable, but, if not, then by such other method as may seem just and equitable.

Appeal from Circuit Court, Raleigh County.

Suit by R. L. Milam against Letha Williams and others. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*A. A. Lilly* and *J. W. Maxwell,* for appellant.

*McGinnis & Hatcher,* for appellees.

LYNCH, JUDGE:

Plaintiff sues to compel specific performance of a contract for the sale of real estate.   The court dismissed the bill on demurrer, and he appealed.   James L. Williams owns in fee a lot of 10 acres, his wife one containing 7 acres.   The two lots are contiguous, and constitute the "home place" or residence of the two defendants, who, by a written contract signed by each, but not acknowledged by either of them, agreed to convey the lots to plaintiff, as one boundary of 25 acres, for the sum of $2500 cash, provided he elected within thirty days to consummate the agreement.   Having so elected, he tendered the money and demanded a deed.   The defendants declined the tender, and refused to convey.   Hence this suit.

Nothing in the record discloses the grounds on which the court sustained the demurrer. It may, however, be assumed that the court so ruled because, the contract being, under the decisions of this court *(Slaven v. Riley,* 79 S. E. 1024, and cases cited), void and unenforceable, for lack of acknowledgment, as to Letha Williams, a married woman under coverture, the husband could not be compelled to convey the lot owned by him or his inchoate interest in the lot owned by her. Or the court may have concluded that, as the contract was entire both as to the consideration to be paid and the area to be conveyed, it was for that reason also unenforceable against the husband.

The contract does not name any specific sum for either lot. It names a gross sum for both lots. It is evident, therefore, that James L. Williams did not agree to sell his lot as distinct from that of his wife but only to convey his lot as part of an area of which her lot was the residue, and that the purchaser did not agree, and so far at least he has indicated no intention, to accept a partial instead of a complete performance of the contract. His bill is silent in respect to any compliance except in accordance with the agreement, as to which he prays both special and general relief. It does not evince any purpose by him to accept a conveyance for an acreage less than that for which he contracted. It is equally evident that he can not, in any event, be compelled to take a grant of a less quantity than he purchased.

But plaintiff may *elect,* at his option, to accept such performance as James L. Williams may be able to make, with an abatement from the purchase price, determinable by the ratio the quantity contained in the wife's lot bears to the area of the lots combined, or otherwise as to the court may seem just and equitable. Or, while plaintiff can not be compelled to accept any less estate than he contracted for, he may elect to rescind the contract in its entirety, and escape terms and conditions to which he has not heretofore given his assent.

To some extent *Cady* v. *Gale,* 5 W. Va. 547, sustains the proposed method of adjustment, by declaring that where the vendor has sold a larger interest in real estate than he has title to a court of equity will compel him to convey such interest as is vested in him, if the purchaser is willing to

accept such title in full discharge of the contract, without remuneration or abatement.  Gale agreed to convey lands of his wife to Cady, for a valuable consideration.  She refused to join in the deed.  He could therefore only grant such right, present and contingent, as the common law conferred on a husband.  This the court required him to convey, but only upon payment of the full consideration, without abatement in equity or recovery at law for breach of the contract. The contract could not be enforced against the wife, she not then being liable in consequence of the coverture.

Also, in *McCann* v. *Janes*, 1 Rob. 256, the supreme court of Virginia refused specific performance of a contract by Janes to convey, by a deed of himself and wife, her interest in the estate cast by descent upon her and others by their father. Janes declined to execute the contract because his wife refused to join in the deed, and forbade him to convey the interest in her lands which, as at common law, he as her husband then had, or might have should he survive her.   The plaintiff prayed a partial execution of the contract, a conveyance of the husband's interest, and leave to sue at law for damages for the breach of contract.   The court says: ''There are indeed many cases decided in Virginia where a vendee has obtained a deed for a part of the land he purchased; for example, where there was a small deficiency in the quantity, but yet the vendor was capable of giving a title to what was the substantial inducement to the contract, the deficiency lying in compensation.   There are cases also in which the vendee has obtained a decree for a conveyance from a husband who had bound himself to obtain a relinquishment of his wife's dower; but in such cases the vendee has gotten substantially what he purchased, to-wit, the fee simple title of the husband.  This, it is true, the vendee has taken subject to the contingent right of dower; but he has also gotten the husband's covenant of warranty for his protection against the claim of dower, and, as he purchased with knowledge of the contingent right of the wife, it is no great hardship that he should be compelled to take the husband's deed alone, with the risk or possibility of his wife having an estate in dower, and be made to rely for compensation in that event upon his covenant of title.   The question may be asked whether, if the

vendee be willing to take the title of the husband, such as it is, the court ought to decree it to him. As a general rule, it has been held that equity will decree specific performance so far as the vendor is capable of performing his contract, if the vendee be willing to receive the same.    *    *    *
I apprehend that the vendee must take the decree of equity as full satisfaction, or not at all. He can not be permitted to come into equity for part satisfaction and resort to a court of law for further satisfaction. But, even in a case in which the vendee is willing to take from the vendor a less estate than he bargained for, it must appear that the vendor has a lawful right to convey such less estate. Thus, the question arises whether the vendee can have a decree for a conveyance by the husband of his life estate in the lands of the wife during her life''. The court decided the question in the negative, and sustained the demurrer on two grounds: first, that any decree equity could render must be full satisfaction of the contract, without right to resort to a court of law for damages for the breach; and, second, that a husband can not be decreed to convey a life estate in his wife's lands during her life, his curtesy being consummated anly by her death.

Again, in *Watson* v. *Michael*, 21 W. Va. 569, it was held that when a husband unites with his wife in a deed for her separate estate, void as to her for a fatal defect in the acknowledgment, the grantee may elect to take the husband's interest in the land in full satisfaction of the contract, if valid as to the husband. The cause was then remanded, with leave to defendant to elect whether to return the consideration and rescind the deed as to the husband, or to take his curtesy interest, ''if he shall ever be entitled thereto, in full satisfaction of the contract''. It was further held that ''if the said defendant elects to take the interest of said John D. Watson, which can in no event attach until the death of his wife, he must take it without abatement of any part of the purchase money and in full satisfaction of the contract. *Clark* v. *Reins*, 12 Gratt. 98; *Cady* v. *Gale*, 5 W. Va. 505.''

And we find that, in *Thorn* v. *Sprouse*, 39 W. Va. 706, it is said: ''Where a vendor sells land, and executes to the vendee a deed in which his wife joins, but the acknowledgment is so defective as not to release her contingent dower, part of the

purchase money having been paid in cash and time given for the residue, specific performance of the contract can not be enforced by compelling payment of the residue of the purchase money, unless such defendant is allowed to retain a sufficient amount thereof to indemnify him against such contingent right of dower''. But it will be noted that the fee to the land conveyed was in the husband, and that the deed made was defective only as to the wife, who then had only an inchoate right of dower.

*Bailey* v. *James,* 11 Gratt. 468, is authority for the holding that, where a married woman has as to her separate estate signed a contract without privy examination, whereby the contract is effectual only to transfer the life interest of the husband, and the contract is entire for a specific sum of money, and the title to a part fails from a cause of which both vendor and vendee were ignorant, it is ground for rescission of the whole contract, but the vendee can not insist on a a partial rescission; and that, if the vendee declines to rescind the contract, he must pay the whole purchase money. If a rescission of a contract is decreed, it should be complete and entire. *Ferry* v. *Clark,* 77 Va. 409; *Glassell* v. *Thomas,* 3 Leigh 113. Where ''a wife is one of three equal joint owners of land, and they and the husband unite in a sale, though the husband and wife will not be compelled to execute the contract on their part, the other two joint owners will be compelled to convey their undivided interests, upon the payment by the vendee of their shares of the purchase money''. *Clark* v. *Reins,* 12 Gratt. 98.

But, upon a proper interpretation of these cases, it will readily appear that, when applied to the facts of this case and those of a like nature, the holding as to the payment of the consideration is that, by his election to accept partial performance, if he does so elect, the purchaser is not entitled to an abatement by reason of the wife's contingent right of dower in the James L. Williams lot. They do not hold, and can not reasonably be construed as holding, that, in case of such election, he must pay $2500, the consideration stipulated as the price of both lots, upon the acceptance of a decree requiring a conveyance of one only. But the plaintiff is not entitled, upon electing acceptance of the James L. Williams lot in

partial performance, to any abatement because of the contingent dower of the wife therein. *Graybill* v. *Brugh,* 89 Va. 895, 37 Am. St. 894, 21 L. R. A. 133; *Steadman* v. *Handy,* 102 Va. 382; 36 Cyc. 745.

Our conclusion is that the court erred in its ruling upon the demurrer. The bill is sufficient as to James L. Williams. Being good as to him, the court should have overruled it and required defendants to answer. Coverture, like infancy, is a pleadable defense. We can not surmise what may be the attitude of Letha Williams towards the contract signed by her. See *Campbell* v. *Beard,* 57 W. Va. 501, 511. Though the contract is void as to her, she may not refuse compliance with its terms. While the court can not compel her to comply with a void agreement, she may nevertheless voluntarily unite with her husband in a conveyance pursuant to its terms, as though it were binding on her. But the contract is binding and enforceable against her husband. Where the vendor is unable to convey a good title to some part only of the land he has contracted to sell, a court of equity, at the suit and upon the election of the vendee, will decree compliance in so far as the vendor has a good and sufficient title, but with an abatement of the purchase money commensurate with the value of the land lost. *Neil* v. *McClung,* 71 W. Va. 458. So here, unless upon final hearing the facts then appearing should not reasonably warrant such relief, a decree should be entered, upon the election and at the request of the plaintiff, requiring a conveyance of the James L. Williams lot to plaintiff, upon payment by the latter of the consideration stated in the contract less the value of the lot owned by the female defendant.

We therefore reverse the decree of February 28, 1911, overrule the demurrer, and remand the cause.

*Reversed and Remanded.*