# CHARLESTON

WEEKLY *et al.* v. WAGNER *et al.*

Submitted March 23, 1915.   Decided April 20, 1915.

1. ACKNOWLEDGMENT—*Married Women—Sale of Realty.*
   A married woman can bind her land for sale only by a writing which she duly acknowledges as the statute requires. (p. 237).

2. SAME—*Married Women.*
   Where a married woman by a written option executed only by her signature and seal, agrees to convey her land to another in case he elects to take the same within a stipulated time, her acknowledgment of the same made before a notary after the time fixed for such election has expired, will not, without more, revive and legalize the agreement and an election made under it within the time. (p. 238).

   (LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Harrison County.

Suit by W. P. Weekly and others against John Wagner and others. From a decree for defendants, plaintiffs appeal.

*Affirmed.*

*Taney Harrison,* for appellants.

*Davis, Swartz & Templeman,* for appellees.

ROBINSON, PRESIDENT:

John Wagner and Anna Wagner, his wife, joint owners of a parcel of land, entered into a written agreement with W. P. Weekly, dated October 12, 1912, to sell and convey the parcel to him, or to whomsoever he might direct, for a consideration named. The agreement was a limited option. By its terms Weekly was granted until midnight of October 28, 1912, to elect to take the property under the terms stated. If he did not so elect within the time, the agreement was to be null and void.

The writing was executed only by the signatures and seals of the Wagners. It was not further executed by the acknowledgment of Mrs. Wagner, a married woman. Therefore it bound John Wagner but not his wife.

Weekly together with one Farnsworth, to whom he had set over his rights under the agreement, called on the Wagners and gave verbal notice of an election to take the property. This was done before midnight of October 28, 1912. The next day a notary called on Mrs. Wagner, exhibited to her the writing, and asked her if she had signed it. She replied that she had. He did not disclose to her his official character. Her husband was not present at the time. Later, the notary duly certified on the agreement that John Wagner and Anna Wagner had on October 29, 1912, acknowledged the same, before him in his county.

There are other matters presented in the case and dwelt upon in argument, but in view of the decision we have reached it is unnecessary to give time and space to them.

Mrs. Wagner owned an undivided one-half interest in the land. That she could not divest herself of title thereto otherwise than by a deed or contract acknowledged in the manner prescribed by statute is conceded by counsel. *Pickens* v. *Stout,* 67 W. Va. 422; *Amick* v. *Ellis,* 53 W. Va. 421; *Rosenour* v. *Rosenour,* 47 W. Va. 554; *Moore* v. *Ligon,* 30 W. Va. 146; *Moore* v. *Ligon,* 22 W. Va. 292. "A married woman cannot divest herself of title by even a written contract, unless it has been acknowledged by her in the manner prescribed by law; nor can she bind herself by an executory contract of sale, without duly acknowledging it." *Simpson* v. *Belcher,* 61 W. Va. 157. So, at the time of the election by Weekly and Farnsworth to take the property under the executory contract of Mrs. Wagner, a married woman, she was not bound by the contract. The contract not being binding as to her, the election under it could be no more binding than the contract itself. That election must get any force that it may have from the contract authorizing it. The contract having had no legal force, the election had none. As to Mrs. Wagner the whole transaction was a thing dead in law from the date of the writing to midnight of October 28, 1912. The other parties, Weekly and Farnsworth, could base

no legal right against her on it or anything done under it. In law there was no contract as to Mrs. Wagner, and no election to take her land.

All this being true, did the acknowledgment made by Mrs. Wagner after the stipulated time for election had expired, avail anything? Did it revive the lifeless contract and the futile election under it? We hold that it did not. In reason, how could it? The acknowledgment was not in such terms as to make a new contract. Neither in terms nor in effect did it say that Mrs. Wagner meant to give legal life to that which was legally dead. She merely acknowledged a paper that could then have no effect by its own terms. The acknowledgment could not make it binding for an election to take under it, for the time in which there could be an election under it had expired. It required both a binding option and an election under the same to bind Mrs. Wagner. We have neither in the case. For when the election was made, the writing was not binding on her, and when the acknowledgment of the writing was made by her, the time for election under it had passed. Weekly and Farnsworth never undertook to bind Mrs. Wagner to the agreement until a time when by the very terms of the paper it was futile to do so, the day stipulated for election having passed. At no time was there a legal meeting of the minds of the parties on the terms of the agreement. An agreement by one that another may have his property if the latter elects to take it before a previous midnight, is surely legally ineffective.

The argument that the acknowledgment by Mrs. Wagner was a confirmation or ratification of the invalid contract and election, is not sound. A court of equity in this suit for specific performance as against her, can not well say that by the mere act of acknowledging a paper dead even by its own terms she meant to divest herself of title to her land. The implication is indeed remote. Nor is it consistent with the strictness required in the passing of the title of a married woman.

The specific performance prayed for by Weekly and Farnsworth was properly denied and their bill rightly dismissed. They asked no separate enforcement against John Wagner, even if it would have been just and equitable in the discretion

belonging to a court of equity in such a case as this to have granted enforcement as to him alone.   We affirm the decree.

*Affirmed.*