# CHARLESTON.

WILLIE C. WALTER *et al. v.* JUSTUS F. DEMOSS *et al.*

Submitted April 12, 1921.   Decided April 26, 1921.

SPECIFIC PERFORMANCE—*That Defendant's Wife Was Not Party to Contract for Conveyance Held Not to Make Bill Demurrable, Such Matter Being Proper for Answer.*

> A bill by the purchaser against the vendor and his wife for specific performance of the contract of the vendor to sell and convey his land, not signed or acknowledged by his wife, but with whom she joined in an undelivered deed therefor, is good on demurrer, it not appearing from the bill that defendants had refused to execute the contract by delivery of the deed because of the wife's revocation of her undelivered deed and her refusal to join with her husband in the delivery thereof, such matter, if good, being matter of defense not presented by demurrer to the bill.

Appeal from Circuit Court, Taylor County.

Bill for specific performance by Willie C. Walter and another against Justus F. DeMoss and another. Decree for defendants on demurrer, and plaintiffs appeal.

*Reversed and remanded.*

*G. W. Ford,* for appellants.
*W. P. Samples,* for appellees.

MILLER, JUDGE:

Upon a bill by the purchasers for specific performance of a contract for the sale and purchase of a tract of 37 acres, more or less, of land in Taylor County, dismissed on demurrer, the question presented is whether there can be specific performance of the contract alleged.

The plaintiffs are husband and wife, and the defendants are also husband and wife. The contract in writing pleaded is alleged to have been made pursuant to prior negotiations and agreement of all the parties, but signed only by the husbands, but which the bill alleges was subsequently carried into a deed, duly signed and acknowledged by the defendants, but retained in their possession, and though demanded by

plaintiffs, they refuse to deliver it. The prayer of the bill is for specific execution of the contract as alleged and fully covered by the deed, and for general relief.

It is a concessum in the case that Mrs. DeMoss not having signed or acknowledged the original contract, so as to divest her of her inchoate right of dower, can not be made to execute that contract, and that unless the deed subsequently made and executed, but not delivered, takes the case out of the general rule, the contract can not be enforced against her. The cases so holding are *Simpson* v. *Belcher*, 61 W. Va. 157; *Rosenour* v. *Rosenour*, 47 W. Va. 554; *Amick* v. *Ellis*, 53 W. Va. 421. And in *Crookshanks* v. *Ransbarger*, 80 W. Va. 21, we decided, as the law then was, that the inchoate right of dower of a married woman is not released or relinquished by an executory contract of sale of the real estate of her husband, signed, sealed and acknowledged by her in the manner prescribed by section 4, chapter 73 of the Code 1913, and delivered to the vendee, and that a court of equity will not compel her by a decree of specific performance to join in the execution of a deed conveying the land to the vendee.

But it is said in reply that since the decisions in the cases cited, the statute, sections 4 and 6, chapter 73 of the Code, has been amended by chapter 65 Acts of 1919, and that by this amendment, a married woman like any other person may now be made to specifically execute her contracts, not void under the statute of frauds, and that although in this case Mrs. DeMoss did not join in the original contract or memorandum in writing between the husbands, the deed made and acknowledged for record, though not delivered in escrow or otherwise but retained by defendants as the bill alleges, constituted such memorandum in writing as to take the case out of the statute and renders the contract enforceable against both defendants agreeably to the holdings of the court in the case of *Moore, Kepple & Co.* v. *Ward*, 71 W. Va. 393, and other cases cited and relied on. In that case we decided that a deed so executed and delivered in escrow was evidence of the oral contract in writing and such

as satisfied the statute and rendered the contract enforceable by specific performance. But do those cases apply to a married woman whose deed has neither been placed in, escrow nor delivered to the grantees. The act of 1919 is an amendment, not of the statute of frauds, but of sections 4 and 6 of chapter 73 of the Code, relating to the authentication and recording of deeds and other writings. Section 6 as so amended by its terms now makes any deed or other writing signed and acknowledged by a married woman in the form and manner provided ''operate to pass or convey from the wife her right of dower in the real estate embraced therein, and pass from her and her representatives all right, title and interest of every nature which, at the date of such writing, she may have in any real estate sold or conveyed thereby, as effectually as if she were, at said date, an unmarried woman.''

Before the amendment, as we held in *Crookshanks* v. *Ransbarger, supra,* the wife, though a party to the executory contract of her husband for the sale of his land, could not be compelled to execute the same by signing and acknowledging a deed therefor. Now, by the amendment, if she signs and acknowledges a deed or other writing agreeing to sell and convey, the statute says it shall operate to pass or convey from her her right of dower in the real estate embraced therein. Whether in a suit against the husband for specific execution of an executory contract so signed and acknowledged by her she would be a necessary party and could be required to sign and acknowledge another deed or contract, we need not decide in this case, for it does not properly arise.

The land involved is the property of Justus F. DeMoss, the husband. The demurrer concedes that he made and executed the original contract pleaded; and he is bound thereby. Whether the bill presents a case for specific performance by him depends upon whether or not he is capable of performing it. The bill alleged that both defendants joined in a deed, in due form, properly signed and acknowledged and containing the covenants, reservations and agreements of the original contract, but that they now refuse to

deliver the same to plaintiffs.    The case presented is unlike that presented in *Crookshanks* v. *Ransbarger,* cited.    In that case the wife had not joined with her husband in  a deed, though she had signed the contract.    Why defendants in this case have refused to deliver the deed so signed and acknowledged by them and retained in their possession, does not appear.    DeMoss may in equity be compelled to specifically perform his contract unless there is some good reason which he may plead in defense thereof.    If his wife joined with him in the deed set up in the bill, and they both decline to deliver it by his procurement, their refusal would    not preclude specific performance.    That Mrs. DeMoss did join with her husband in signing and acknowledging the deed, would evince a willingness on her part to join her husband in such deed, and the husband's refusal  to deliver the deed manifestly would constitute no defense to specific performance on his part.    In *Campbell* v. *Beard,* 57 W. Va. 501, we decided that specific performance of a contract of sale of real estate ought not to be refused merely because it does not affirmatively appear that the vendor's wife is willing to join in the conveyance, where her unwillingness to do so has not been pleaded in defense.    In this case Mrs. DeMoss's unwillingness to join in the deed does not appear from anything alleged in the bill.    On the contrary, the fact that she did join with her husband in signing and acknowledging the deed, as we have already indicated, evidences a willingness on her part at the time of signing and acknowledging the deed to join with her husband therein. We think the ground of the demurrer is matter of defense which should be pleaded, and that the demurrer should be overruled.    .

What effect the amendment of sections 5 and 6, chapter 73 of the Code, may have on the rights of the parties to specific performance is not now presented and is not decided.    The only question we do decide is that the bill is good upon demurrer and that the matter urged and relied on by demurrants, if good in law, is defensive only and not properly presented by the demurrer.

For the foregoing reasons we are of opinion to reverse the

judgment below and remand the cause for further proceed, ings to be had herein according to the principles enunciated, and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*