ROSENOW, APPELLANT, *v.* MILLER ET AL., RESPONDENTS.

(No. 4,763.)

(Submitted April 18, 1922. Decided May 24, 1922.)

[207 Pac. 618.]

*Land Contracts—Vendor and Purchaser—Specific Performance — Husband and Wife — Dower — Complaint — Insufficiency.*

Dower—Constitutes Encumbrance on Husband's Title.
 1. A wife's inchoate right of dower, whether treated as a bare expectancy or as a contingent interest, is such a valuable right or interest as constitutes an encumbrance on her husband's title.

Same—Courts cannot Compel Release of Inchoate Right.
 2. A court cannot compel a wife to release or convey her inchoate right of dower in lands her husband has agreed to sell by a contract to which she is not a party.

Vendor and Purchaser—Wife not Party to Contract—Specific Performance—Damages.
 3. If a purchaser of land, under a contract to which vendor's wife is not a party, is willing to pay the entire contract price and accept therefor such title as the husband alone can convey, a court of equity may grant him specific performance thereof, or he may seek damages in a court of law for the breach of contract.

Same—Breach of Contract—Remedies of Vendee.

 4. A vendor, whose estate is less than he agreed to convey, or who cannot give the exact subject matter contracted for, cannot plead his inability as a defense; but the vendee may enforce performance to the extent of the vendor's ability, and have compensation for the difference, unless at the time of entering into the contract he knew of the vendor's inability, or there is no basis for ascertaining the amount of compensation with any reasonable degree of certainty.

Same—Specific Performance—Dower—Abatement from Contract Price—Complaint—Insufficiency.

 5. In an action to compel a vendor to convey all his title and interest in property at the price stipulated, in a contract to which vendor's wife was not a party, less the determined value of the latter's dower right, the complaint *held* defective, in that it did not allege that plaintiff contracted in ignorance of the fact that defendant was a married man, or that his wife was or ever had been in the state, since, under Revised Codes of 1921, section 5818, if she was never in the state, she had no dower interest in the property.

Same—Specific Performance—Value of Dower Right not Capable of Valuation in Advance of Husband's Death.

 6. *Held*, that in view of the Code provisions relative to the right of dower depending upon eventualities which cannot be foreseen, it is impossible to place a valuation upon a widow's right in advance of her husband's death, and that therefore plaintiff in an action for specific performance of a land contract to which the vendor's wife was not a party, requiring defendant to convey all his right, title and interest in the premises for the agreed price less the determined value of his wife's dower right, cannot claim abatement from the contract price.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

Action by A. C. Rosenow against George Miller and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. M. J. Lamb* and *Mr. Wm. V. Beers,* for Appellant.

The complaint alleges facts sufficient to constitute a cause of action for all relief prayed for therein. The law is well settled in many states that a married man whose estate is

---

 4. Right of vendee to specific performance with abatement from purchase price where vendor is unable to convey a good and unencumbered title, see notes in 10 Ann. Cas. 562; 24 L. R. A. 763, 765; 10 L. R. A. (n. s.) 117; 38 L. R. A. (n. s.) 1195; L. R. A. 1917F, 697.

subject to his wife's inchoate dower right may be compelled to specifically perform his contract for a sale of his real estate with a deduction from the purchase price of such sum as represents the present value of the wife's contingent interest. (36 Cyc. 744; 26 Am. & Eng. Ency. of Law, 2d ed., 83; 25 R. C. L. 133; *Tebeau* v. *Ridge,* 261 Mo. 547, L. R. A. 1915C, 367, 170 S. W. 871; *Davis* v. *Parker,* 14 Allen (Mass.), 94, 105; *Stewart* v. *Gillett,* 79 Misc. Rep. 93, 139 N. Y. Supp. 583; *Farley* v. *Secor,* 167 App. Div. 80, 152 N. Y. Supp. 787; *Thompson* v. *Colby,* 127 Iowa, 234, 103 N. W. 117; *Martin* v. *Merritt,* 57 Ind. 34, 26 Am. Rep. 45; *Wright* v. *Young,* 6 Wis. 127, 70 Am. Dec. 453; *Williams* v. *Wessels,* 94 Kan. 71, 145 Pac. 856; *Hirschman* v. *Forehand,* 114 Ark. 436, 170 S. W. 98; *Springle's Heirs* v. *Shields,* 17 Ala. 295; *Wannamaker* v. *Brown,* 77 S. C. 64, 57 S. E. 665; *Young* v. *Paul,* 10 N. J. Eq. 401, 64 Am. Dec. 456; *Granoff* v. *Korpus,* 182 N. Y. Supp. 136.)

*Messrs. Grimstad & Brown* and *Mr. William Gallagher,* for Respondents.

The great weight of authority and the better reasoning sustain the proposition that the wife's dower interest cannot be abated from the purchase price where she has refused to join in the deed, and where she did not originally sign the contract of sale and purchase, and where she has not consented to the sale, as shown by the facts alleged in this complaint. (*Cowan* v. *Kane,* 211 Ill. 576, 71 N. E. 1097; *Haden* v. *Falls,* 116 Va. 779, Ann. Cas. 1915C, 1034, 80 S. E. 576; *Krah* v. *Wassmer,* 75 N. J. Eq. 109, 71 Atl. 404; *Riesz's Appeal,* 73 Pa. St. 485; *Free* v. *Little,* 31 Utah, 449, 88 Pac. 407; *Graybill* v. *Brugh,* 89 Va. 895, 37 Am. St. Rep. 894, 21 L. R. A. 133, 17 S. E. 558; *Kaiser* v. *Klein,* 29 S. D. 464, 137 N. W. 52; *People's Sav. Bank Co.* v. *Parisette,* 68 Ohio St. 450, 96 Am. St. Rep. 672, 67 N. E. 896; *Barbour* v. *Hickey,* 2 App. D. C. 207, 24 L. R. A. 763; *Long* v. *Chandler,* 10 Del. Ch. 339, 92 Atl. 256; *Milam* v. *Williams,* 73 W. Va.

467, 80 S. E. 770; 25 R. C. L., sec. 130; 13 R. C. L., sec. 374; *Solomon* v. *Shewitz*, 185 Mich. 620, 3 A. L. R. 557, 152 N. W. 196; *Stromme* v. *Rieck*, 107 Minn. 177, 131 Am. St. Rep. 452, 119 N. W. 948.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1916 John Horne and Mabel Horne contracted to sell to George Miller eighty acres of land in Yellowstone county, together with fourteen shares of the capital stock of the Big Ditch Company, for $10,000, payable $1,000 in cash and the balance in annual installments. In 1919 Miller contracted to sell the same land to A. C. Rosenow for $15,500. Rosenow paid five dollars cash, agreed to pay $9,495 on or before January 1, 1920, and agreed to assume and pay the balance ($6,000) due to Horne and wife, according to the terms of the 1916 contract. Miller acknowledged the receipt of five dollars, and agreed that, upon the payment of $9,495 within the time mentioned, he would convey the premises to Rosenow by a good and sufficient deed, "clear of all encumbrances" except the outstanding interest of Horne and wife.

This action was instituted by Rosenow to secure reformation of the 1919 contract and for its specific performance thereafter. The contract does not mention the fourteen shares of stock in the ditch company, and it is for the purpose of having that property included that reformation is sought. It is alleged that, at the time the 1919 contract was entered into, Miller was married and living upon the land in question; but Mrs. Miller was not a party to the contract, and she has refused to join her husband in a deed, or otherwise relinquish her dower right. The complaint sets forth all the facts in detail, including the refusal of Miller to convey the land according to the terms of the contract, and prays that the contract be reformed to include the ditch company stock, that the court determine the value of Mrs. Miller's inchoate right of dower, and that Miller be required to con-

vey all his right, title and interest in the property for the agreed price, less the determined value of the dower right. A general demurrer to the complaint was sustained, and plaintiff, refusing to plead further, suffered a judgment of dismissal to be rendered and entered against him, and appealed.

As preliminary to the discussion of the principal question involved in this controversy, it may be said that the following propositions are settled by the authorities generally:

(1) Whether the inchoate right of dower be treated as a [1] bare expectancy or as a contingent interest, it is such a valuable right or interest as constitutes an encumbrance upon the husband's title.

(2) A court has not the authority to compel a wife to [2] release or convey her inchoate right of dower in lands which her husband has contracted to sell, but to which contract the wife is not a party.

(3) If the purchaser is willing to pay the entire contract [3] price, and accept therefor such title as the husband alone can convey, a court of equity may grant him the relief sought, or he may go into a court of law and seek redress by way of damages for the husband's breach of contract.

It is doubtful, however whether any other question has [4] vexed the courts to a greater extent than the one which is here presented, *viz.*: Will a court of equity decree specific performance of the contract as against the husband, and allow to the purchaser compensation or abatement from the contract price proportioned to the value of the outstanding inchoate dower right? In each of the following cases the inquiry is answered in the affirmative: *Hirschman* v. *Forehand,* 114 Ark. 436, 170 S. W. 98; *Martin* v. *Merritt,* 57 Ind. 34, 26 Am. Rep. 45; *Williams* v. *Wessels,* 94 Kan. 71, 145 Pac. 856; *Woodbury* v. *Luddy,* 14 Allen (Mass.), 1, 92 Am. Dec. 731; *Walker* v. *Kelly,* 91 Mich. 212, 51 N. W. 934; *Sanborn* v. *Nockin,* 20 Minn. 178 (Gil. 163); *Tebeau* v. *Ridge,* 261 Mo. 547, L. R. A. 1915C, 367, 170 S. W. 871; *Bethell* v. *McKinney,* 164 N. C. 71, 80 S. E. 162; *Wannamaker*

v. *Brown,* 77 S. C. 64, 57 S. E. 665; *Wright* v. *Young,* 6 Wis. 127, 70 Am. Dec. 453.

In Maine the same conclusion is required by special statute (*Handy* v. *Rice,* 98 Me. 504, 57 Atl. 847), while in Iowa and Alabama substantially the same result is reached by permitting the purchaser to retain one-third of the contract price until the wife dies or relinquishes her dower right, the ultimate payment of the retained portion being secured by a lien upon the property. (*Noecker* v. *Wallingford,* 133 Iowa, 605, 111 N. W. 37; *Minge* v. *Green,* 176 Ala. 343, 58 South 381.)

In awarding specific (partial) performance, with abatement or indemnity, as the case may be, the courts of this group assume to apply an ancient rule of equity that a vendor, whose estate is less than or different from that which he agreed to convey, or who cannot give the exact subject matter embraced, in his contract, will not be permitted to plead his inability as a defense against the demand of the purchaser; but the vendee may, if he so elects, enforce performance to the extent of the vendor's ability to comply with the terms of the agreement and may compel a conveyance of the deficient estate, or defective title, or partial subject matter, and have compensation for the difference between the actual performance and the performance which would have been an exact fulfillment of the terms of the contract, or as the same doctrine is stated by Lord Eldon: "If a man, having partial interests in an estate, chooses to enter into a contract representing it, and agreeing to sell it as his own, it is not competent to him afterward to say, though he has valuable interests, he has not the entirety, and therefore the purchaser shall not have the benefit of his contract. For the purpose of this jurisdiction, the person contracting under those circumstances is bound by the assertion in his contract, and if the vendee chooses to take as much as he can have, he has a right to that, and to an abatement, and the court will not hear the objection by the vendor that the purchaser cannot have the whole." (*Mortlock* v. *Buller,* 10 Ves. Jr. 292, 315.) If the

foregoing constituted a statement of the rule in its entirety, slight criticism at most could be aimed at its application in any case involving the common-law right of dower or its statutory equivalent; but the courts, in applying the principle as stated, apparently overlook or ignore the fact that it is not complete. Two other considerations enter into a statement of the rule: (1) If the vendee, at the time of entering into the contract, knows that the vendor's title is defective or that his interest is partial, or that the subject matter is deficient, he is not entitled to any compensation. He is to be regarded as agreeing to purchase whatever interest the vendor has and is able to convey. (*Peeler* v. *Levy*, 26 N. J. Eq. 330; *Lucas* v. *Scott*, 41 Ohio St. 636; *Free* v. *Little*, 31 Utah, 449, 88 Pac. 407; Pomeroy on Contracts (Specific Performance), sec. 442; 36 Cyc. 742.) (2) Whenever the nature of the subject matter, the terms of the contract, or the kind and extent of the defect are such that they furnish no basis upon which to ascertain the amount of the compensation with any reasonable degree of certainty, and fixing the amount would be a mere matter of speculation, a partial specific performance, with compensation, will be refused. (Pomeroy on Contracts (Specific Performance), sec. 448.)

In the application of the rule to a case wherein the vendor's [5] inability to convey all that he agreed to convey arises from his wife's refusal to relinquish her inchoate right of dower, Pomeroy lays particular stress upon the element of notice. He says: "The true principle is that laid down in the English cases heretofore quoted. If the vendee knows that the vendor is a married man, he knows that his wife is entitled to dower, and that she cannot be compelled to release her dower right, and, entering into the contract with such knowledge, he is not entitled, within the doctrine as well established, to ask anything more than the husband himself can give. It is the vendee's knowledge, and not any notion of making a new contract for the parties, which prevents the purchaser from obtaining compensation. On the other hand,

if the vendee entered into the contract in ignorance that the vendor was married, and under the supposition that the vendor could give an unencumbered title, then he ought to have a specific performance with an abatement from the price." And, after considering the theory of indemnity in lieu of compensation, he concludes his observations as follows: "But, as said above, it is not in accordance with the well-settled principles of equity that this or any other mode of compensation should be awarded to the vendee, unless he made the contract without knowledge that the vendor was married."

The complaint in this action is open to criticism upon several grounds. Plaintiff does not allege that he entered into the contract in ignorance of the fact that Miller was a married man. He does not allege that Mrs. Miller is now or ever has been in Montana, and if it should be true that she has never been in this state (or territory), then, by his allegation that Miller tendered a deed duly executed by himself, but without the signature of Mrs. Miller, he literally pleads himself out of court. Section 3713, Revised Codes of 1907 (sec. 5818, Rev. Codes 1921) provides: "Any married man residing and owning real property in the state, whose wife has never been in the state or territory of Montana, can by deed * * * grant the full title to such property by his own signature, and the wife or widow shall have no dower interest in the property to which the title of the husband is so divested."

But the more serious objection to granting the relief sought [6] by plaintiff arises from the nature of the right, the value of which it is sought to have appraised. Assuming that Mrs. Miller is a resident of this state, then our Codes determine that she has a right of dower in the lands in controversy. Section 3708, Revised Codes of 1907 (sec. 5813, Rev. Codes 1921), declares that the dower right extends to equitable estates, and to all real estate of every description contracted for by the husband during his lifetime, the title to which may be completed after his death. But what is the character of the right? (1) She has her common-law right of dower—a life

estate in one-third of the land. (Sec. 3708, Rev. Codes 1907 [sec. 5813, Rev. Codes 1921] ; *Dahlman* v. *Dahlman,* 28 Mont. 373, 72 Pac. 748.)   (2) If the husband dies testate, making a specific devise or bequest to his widow, she may elect whether she will take such devise or bequest, or whether she will renounce the benefit and take her dower in the land and her share of the personal property. (Sec. 3714, Rev. Codes 1907 [sec. 5819, Rev. Codes 1921].)   (3) If the husband dies without children, or the descendants of children, the widow may elect whether she will take, in lieu of dower, an absolute title to one-half of all the real estate which shall remain after the payment of the deceased husband's debts and claims against his estate. (Sec. 3716, Rev. Codes 1907 [sec. 5821, Rev. Codes 1921].)

Viewed in the light of these statutory provisions, it is apparent that, if the trial court had assumed to determine the value of the wife's outstanding interest in the lands in question, the following pertinent inquiries would have been presented for determination: Will Mrs. Miller survive her husband? If she survives him, over what period of time will her estate extend? Will the husband die testate or intestate? If he dies testate, will he make ample provision in his will for his widow? If he makes such provision, will his widow renounce it and elect to take her dower? Will the husband die without leaving children, or the descendants of children? If so, will Mrs. Miller elect to take a life estate in one-third of the land, or an absolute title to one-half after the payment of the debts and charges against the estate?

It may be conceded, for the purposes of this case, that the first two inquiries may be answered with a reasonable degree of accuracy by reference to standard tables of mortality (Giauque & McClure's Present Value Tables) ; but we submit that no human agency can answer the other inquiries, or determine in advance of the husband's death just what the extent of the widow's right will be, and hence a valuation

placed upon that right would not rise to the dignity of a respectable guess.

It is our conclusion that the value of Mrs. Miller's outstanding right or interest in the property in question is not capable of measurement in dollars and cents; hence plaintiff cannot claim abatement from the contract price. The following authorities sustain our conclusion though some of them proceed upon a different theory: *Long* v. *Chandler,* 10 Del. Ch. 339, 92 Atl. 256; *Barbour* v. *Hickey,* 2 App. D. C. 207, 24 L. R. A. 763; *Murphy* v. *Hohne,* 73 Fla. 803, L. R. A. 1917F, 594, 74 South. 973; *Cowan* v. *Kane,* 211 Ill. 576, 71 N. E. 1097; *Plum* v. *Mitchell,* 16 Ky. Law Rep. 162, 26 S. W. 391; *Bateman* v. *Riley,* 72 N. J. Eq. 316, 73 Atl. 1006; *Lucas* v. *Scott,* 41 Ohio St. 636; *Kuratli* v. *Jackson,* 60 Or. 203, 118 Pac. 192, 1013; *Riesz's Appeal,* 73 Pa. 485; *Free* v. *Little,* 31 Utah, 449, 88 Pac. 407; *Haden* v. *Falls,* 115 Va. 779, Ann. Cas. 1915C, 1034, 80 S. E. 576; *Milam* v. *Williams,* 73 W. Va. 467, 80 S. E. 770.

The complaint does not state a cause of action, and the demurrer was properly sustained. The judgment is affirmed.

*Affirmed.*

Associate Justices Cooper and Galen and Honorable Roy E. Ayers, District Judge, sitting in place of Mr. Chief Justice Brantly, disqualified, concur.